**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Coss,<br><br>    Plaintiff,<br><br>vs.<br><br>Caliber Home Loans, Inc./Fidelity;<br>Nationstar Mortgage, LLC; and Does 1-10,<br><br>    Defendants. | No. CV 16-576-TUC-CKJ<br><br>**ORDER** |

Pending before the Court are the Motion to Dismiss (Doc. 18) filed by Nationstar Mortgage LLC ("Nationstar"), the Motion to Dismiss (Doc. 22) filed by Caliber Home Loans Incorporated ("Caliber"), and the Motion to Dismiss Party Tiffany & Bosco, P.A. and David Cowles for Insufficient Service of Process (Doc. 36) filed by Tiffany & Bosco PA ("Tiffany & Bosco"). Plaintiff Anthony Coss ("Coss") has filed responses (Docs. 25, 26 and 38) and Defendants have filed replies (Doc. 27 and 28). The Court declines to set this matter for oral argument. *See* LRCiv 7.2(f); 27A Fed.Proc., L. Ed. § 62:361 (June 2018) ("A district court generally is not required to hold a hearing or oral argument before ruling on a motion.")

I. *Procedural History*

On December 22, 2016, this Court dismissed the original complaint for failure to state a claim. Claims for a violation of the Real Estate Settlement Procedures Act (Count I), wrongful foreclosure (Count II), declaratory action (Count III), request to vacate/void

notice of trustee's sale (Count VIII), predatory lending practice (Count IX), and overstating the amount owed to reinstate (Count X) were dismissed with prejudice. Breach of contract (Count IV), breach of duty of good faith and fair dealing (Count V), quiet title and slander of title (Count VI), and intentional interference of contract relations (Count VII) were dismissed without prejudice. On June 13, 2017, this Court accepted Coss's First Amended Complaint ("FAC"). The FAC alleges the following claims:

1. Count I: Declaratory Judgment
2. Count II: Breach of Contract
3. Count III: Breach of the Duty of Good Faith and Fair Dealing
4. Count IV: Quiet Title Under A.R.S. § 12-1101, *et seq*. and A.R.S. §33-420
5. Count V: Negligence Per Se
6. Count VI: Fair Debt Collection Practices Act
7. Count VII: Cancellation of Trustee's Sale
8. Count VIII: Intentional Interference with Contractual Relations

Nationwide and Caliber have filed Motions to Dismiss. Additionally, Tiffany & Bosco has filed a Motion to Dismiss Party for Insufficient Service of Process.

II. *Complaint and Plausibility Pleading Standard*

As the Court previously summarized, a complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed.R.Civ.P. 8(a). Nonetheless, a complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s). For a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009); *Telesaurus VPC, LLC. v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

When a court is considering a motion to dismiss, allegations that are mere conclusions are not entitled to the assumption of truth if unsupported by factual

allegations that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009). This Court must take as true all allegations of material fact and construe them in the light most favorable to Coss. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003).

If a court determines that dismissal is appropriate, a plaintiff must be given at least one chance to amend a complaint when a more carefully drafted complaint *might* state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). Here, Coss has already been afforded an opportunity to submit a more carefully drafted complaint.

III. *Underlying Conclusions of Coss*

Underlying a number of Coss's claims are his assertions that the separation and securitization of the note and the deed of trust makes them unenforceable and that the assignments of the mortgage loan were invalid. However, the "splitting" of the note and the deed of trust does not make nonjudicial foreclosure provisions in a deed of trust unenforceable. *See, e.g., In re Mortg. Electronic Registration Sys., Inc.*, 754 F.3d 772, 784 (9th Cir. 2014) (deed of trust does not necessarily need to be attached to an underlying note for a trustee to foreclose on the security interest that secures the notes' debt); *see also Buchna v. Bank of Am., NA*, 478 F. App'x 425, 425-26 (9th Cir. 2012) (argument that nonjudicial foreclosure provisions in a deed of trust were unenforceable because the note and deed of trust were split failed to state a claim because it was based on nothing more than conclusory speculation that the parties exercising power under the deed of trust were not the noteholder or agents of the noteholder);

In asserting the assignments of the mortgage loan were invalid, Coss argues this case is similar to *Steinberger v. McVey ex rel. Cty. of Maricopa*, 234 Ariz. 125, 141, 318 P.3d 419, 435 (App. 2014), which determined that a cause of action may exist to prevent a trustee sale where a trustee does not have the authority to conduct a trustee sale. However, in this case the attachments to the FAC do not support Coss's conclusory allegations that Defendants were without authority to conduct a trustee sale. Rather, the

- 3 -

deed of trust, agreed to by Coss, provided that Mortgage Electronic Registration System, Inc. ("MERS") was the original lender's nominee, MERS was the beneficiary of the deed of trust, MERS held legal title as well as the right to exercise any of lender's interests under the deed of trust (including the right to foreclose). (Doc. 21, Ex. 4, pp. 2-3.) Moreover, the Assignment of Deed of Trust shows that MERS properly assigned its interest in the deed of trust, as nominee for the original lender, to Nationstar. (Doc. 21, Ex. 6.)

Moreover, courts have recognized the enforceability of MERS deeds of trust and the right of an assignee of MERS' interests to foreclose as a deed of trust beneficiary, as nominee for a lender. *See e.g., Thomas v. Ally Bank*, No. 1 CA-CV 17-0066, 2017 WL 6616620, at *2 (Ariz. Ct. App. Dec. 28, 2017) (deed of trust identified MERS as the nominee and beneficiary); *Silvas v. GMAC Mortg., LLC*, No. CV-09-265, 2009 WL 4573234, *8, *14 (D. Ariz. Dec. 1, 2009) (summarily dismissing with prejudice complaint alleging MERS was not a qualified DOT beneficiary); *Blau v. Am.'s Servicing Co.*, No. CV-08-773, 2009 WL 3174823, *5-*8 (D. Ariz. Sept. 29, 2009) (holding "MERS is explicitly referred to [in the DOT] as the beneficiary," and MERS' assignee "thereby became the beneficiary" with authority to initiate trustee's sale and dismissing with prejudice complaint challenging the validity of MERS assignments).

Nonetheless, Coss argues that MERS cannot be a beneficiary under the deed of trust. *See e.g. Erickson v. Green Tree Servicing LLC*, Case No. CV-14-08089-PCT-NVW, 2015 WL 3507350 (D. Ariz. June 4, 2015). However, as another district court has stated:

> This court is unpersuaded by *Erickson*. "[N]umerous cases in this Court, the Ninth Circuit, and Arizona have held that MERS may assign a deed of trust that leads to a trustee's sale. The [c]ourt cannot disregard this authority merely because *Erickson* recognized a possible theory that MERS is not a statutory beneficiary." *Bayer v. Nationstar Mortgage LLC*, Case No. CV-15-02430-PHX-DGC, 2017 WL 1133023, at *6 (D. Ariz. March 27, 2017). As the *Bayer* court observed "[i]t is well established that MERS may serve as a beneficiary of an Arizona trust deed in a nominee capacity, and that MERS may validly assign its interest in a Deed of Trust." *Id*. at *5.

*Gardner v. Nationstar Mortg., LLC*, 258 F. Supp. 3d 956, 968 (D. Ariz. 2017). Indeed,

Coss's "efforts to characterize MERS as not a 'true' beneficiary is unhelpful. That characterization is inconsistent with the terms of [Coss's] Deed of Trust." *Id.*

IV. *Count I - Declaratory Judgment*

Coss seeks a declaratory judgment regarding the "standing of the Defendants and the right of the parties with respect to the Note, Deed of Trust, and the validity and enforceability of the Assignment, Substitution, and NTS. In the alternative, [Coss] seek[s] an Order that the Defendants lack standing to enforce the Note and DOT, and that all recordings against the Property since 2005 are void and invalid." (Doc. 21, p. 24.) This claim was dismissed with prejudice in the Court's December 22, 2016 Order (Doc. 10.) The amended declaratory claim involves the same subject matter as the original dismissed claim and Coss has not provided any basis for this Court to permit amendment of this claim.

The Court will dismiss this claim with prejudice.

V. *Count II - Breach of Contract*

As the Court discussed in its December 22, 2016 Order:

> "[T]he note and the deed of trust are nonetheless distinct instruments that serve different purposes. The note is a contract that evidences the loan and the obligor's duty to repay." *Hogan v. Washington Mut. Bank, N.A.*, 230 Ariz. 584, 587, 277 P.3d 781, 784 (Ariz.2012), vacating 227 Ariz. 561, 261 P.3d 445 (Az.Ct.App.2011) (citing A.R.S. § 33–801(4)). "The trust deed transfers an interest in real property, securing the repayment of the money owed under the note." *Id.* (citing A.R.S. §§ 33–801(4), –801(8), –801(9), –805, –807(A)).

(Doc. 10, p. 8)

The deed of trust (Doc. 21, Ex. 4) provides for foreclosure proceedings if a loan is defaulted upon and Coss was in default by failing to make required loan payments. The FAC does not allege, nor do the attachments to the FAC show, facts that support Coss's claim that Defendants acted outside their authority by filing a notice of trustee's sale. Rather, as argued by Defendants, the assignments in the chain of title were authorized by the deed of trust. (Doc. 21, Ex. 4 at ¶ (E) and ¶ 20.) Although Coss argues that notice of

- 5 -

foreclosure was not provided by a true lender, the assignments establish the lawful authority to foreclose. Thus, contrary to Coss's assertion, adequate notice of foreclosure was provided to him. (Doc. 21, Ex. 9.) In other words, Coss has not adequately alleged a breach of contract. *See e.g. Steinberger v. McVey ex rel. Cty. of Maricopa*, 234 Ariz. 125, 140, 318 P.3d 419, 434 (Ct. App. 2014) ("To state a breach of contract claim, a plaintiff must allege that (1) a contract existed, (2) it was breached, and (3) the breach resulted in damages.").

The Court finds Coss's FAC fails to state a claim upon which relief may be granted. Further, in light of Coss's theory of the claims and the fact that Coss has already been afforded an opportunity to submit an amended complaint, the Court finds it is unlikely a more carefully drafted complaint might state a claim upon which relief may be granted.

VI. *Count III - Breach of the Duty of Good Faith and Fair Dealing*

Coss asserts Defendants breached this duty by misrepresenting that it had the authority to proceed with a foreclosure and improperly proceeding with foreclosure proceedings. However, Coss's conclusory allegations do not state a claim that Defendants acted improperly or without authority. Rather, as argued by Defendants, the deed of trust establishes the right to foreclose upon default; further, the assignments in the chain of title were authorized by the deed of trust. (Doc. 21, Ex. 4.) Moreover, although Coss asserts he did not receive valid notice, this is premised upon Coss's assertion that the notice provided to him was not provided by an authorized person. However, as the Court has determined the designation of MERS as a beneficiary and the assignments were valid, the notice provided to Coss was valid.

Further, the attachments to the FAC indicate the loan was in default. Therefore, the property securing the deed of trust was subject to foreclosure "no matter who was assigned as beneficiary, or when." *Coronado v. Chevy Chase Bank, FSB*, 554 F. App'x 549, 551 (9th Cir. 2014) (citing *Sitton*, 233 Ariz. 215, 221-22, 311 P.3d 237, 243-44 (Ct.

1 App. 2013)). As pointed out by Caliber, in the deed of trust, Coss "agreed that MERS
2 would have the rights to foreclose on the loan (and engage in all other remedies) in the
3 event Plaintiff defaulted on the loan. Plaintiff defaulted on the loan. These ensuing
4 actions should have been exactly what the parties expected to result from such a breach."
5 (Doc. 28, p. 9.) The Court finds Coss has failed to state a claim upon which relief may
6 be granted. This claim will be dismissed with prejudice.

VII. *Count IV - Quiet Title Under A.R.S. § 12-1101 et seq. & A.R.S. § 33-420*

This claim was dismissed with prejudice in the Court's December 22, 2016 Order (Doc. 10.) This claim involves the same subject matter as the original dismissed claim and Coss has not provided any basis for this Court to permit amendment of this claim. Further, Coss has not alleged he holds title or that he has the ability or willingness to pay off the loan. *See e.g. Steinberger*, 234 Ariz. at 140 (a plaintiff must allege that he holds title to the property or his willingness or ability to pay off the loan to state a claim for quiet title). Similarly, Coss has not adequately alleged scienter or how any document has been forged or is otherwise invalid; in other words, Coss has not alleged a claim under A.R.S. § 33-420(A). *See e.g. Schultz v. BAC Home Loans Servicing*, 2011 WL 3684481 at *4 (D.Ariz. Aug. 23, 2011) (dismissing claim where plaintiff offered no facts to show defendant knowingly recorded false documents in violation of A.R.S. § 33–420).

Moreover, to any extent Coss is seeking to assert a slander of title claim, the factual allegations in the FAC fail to allege such a claim. Rather, Coss has failed to allege facts to support his assertions that documents were false, assignments were invalid, or any Defendant acted maliciously. *SWC Baseline & Crismon Inv'rs, L.L.C. v. Augusta Ranch Ltd. P'ship*, 228 Ariz. 271, 287, 265 P.3d 1070, 1086 (Ct. App. 2011) (slander of title requires the uttering and publication of slanderous words by a defendant, the falsity of the words, malice and special damages).

The Court will dismiss this claim with prejudice.

## VIII. *Count V - Negligence Per Se*

To state a claim for negligence per se, Coss must allege a violation of a law which was enacted "for the protection and safety of the public." *Good v. City of Glendale*, 150 Ariz. 218, 221 (1986). Coss alleges Defendants violated A.R.S. §§ 39-161 and 33-420, which address the recording of instruments known to be false or forged. However, the loan and deed of trust authorized an assignment. Coss does not allege any facts to support a claim that an assignment was false or forged. Further, Coss has not alleged any facts supporting Coss's claim the loan documents were improperly or fraudulently transferred. The Court finds Coss has failed to state a claim upon which relief may be granted. The Court will dismiss this claim with prejudice.

## IX. *Count VI - Fair Debt Collection Practices Act*

Coss alleges Tiffany & Bosco has made false, deceptive and misleading misrepresentations to Coss. Coss further alleges Tiffany & Bosco and David Cowles have used unfair and unconscionable methods to collect debt through foreclosure or demand. A motion to dismiss has not been made as to this claim.

## X. *Count VII - Cancellation of Trustee's Sale*

In Count VIII of the original complaint, Coss sought to vacate the notice of trustee's sale. Here, Coss is seeking cancellation of the trustee's sale. This claim is essentially the same as in the original complaint. Moreover, any alleged errors in the recorded chain of title documents are not material as Coss remains liable on the note. *See e.g. Sitton v. Deutsche Bank Nat. Trust Co.*, 233 Ariz. 215, 222, 311 P.3d 237, 244 (App. 2013). Lastly, in seeking his requested remedy, Coss fails to state a claim in Count VII that entitles him to relief. *See e.g. Margaritis v. BAC Home Loans Servicing LP*, 579 F. App'x 574, 577 (9th Cir. 2014) ("The district court properly dismissed Margaritis's claim for wrongful foreclosure because Arizona state courts do not recognize a wrongful foreclosure cause of action."); *see also Zubia v. Shapiro*, 243 Ariz. 412, 408 P.3d 1248,

1253 (2018) (declining to address whether Arizona recognizes a cause of action for wrongful foreclosure); *Holt v. Countrywide Home Loans, Inc.*, CV11-812-PHX-JAT, 2012 WL 369591, at *4 (D. Ariz. Feb. 6, 2012) ("[t]o establish a claim for wrongful foreclosure, Plaintiffs must prove that either they were not in default at the time of the foreclosure or that the foreclosing party caused their default"). The Court will dismiss this claim with prejudice.

XI. *Count VIII - Intentional Interference with Contractual Relations*

Coss alleges Defendants have interfered with contracts between Coss and RBC Mortgage Company. To state a claim for intentional interference with contractual relations, Coss must allege the existence of a valid contractual relationship, knowledge of the relationship on the part of Defendant(s), intentional interference inducing or causing a breach, resulting in damage to Coss, and that Defendant(s) acted improperly. *ABCDW LLC v. Banning*, 241 Ariz. 427, 437, 388 P.3d 821, 831 (Ct. App. 2016), review denied (June 29, 2017).

Here, Coss supports this claim with conclusory allegations. However, he does not allege any improper act or knowledge by Defendants. Indeed, there is no allegation that Defendants "intended or should have known that a particular result was likely to be produced by [Defendants'] conduct." *Id*. The Court finds Coss has failed to state a claim upon which relief may be granted and will dismiss this claim with prejudice.

XII. *Motion to Dismiss Plaintiff's FAC for Insufficient Service of Process* (Doc. 36)[1]

Tiffany & Bosco asserts that insufficient service of process was made upon it and David Cowles ("Cowles"). Specifically, Tiffany & Bosco asserts service, if any, was

---

[1] The Court notes that Tiffany & Bosco's Motion points out that Coss did not attempt to serve Tiffany & Bosco or Cowles until nearly a year after the action was removed to federal court. As Tiffany & Bosco has not requested dismissal for failure to prosecute, the Court will not address this delay.

- 9 -

made upon a person who is not an agent of Tiffany & Bosco. "A federal court is without personal jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (citation omitted). While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint[,]" *Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017), "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with its requirements. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

Where the validity of service is contested, the burden is on the party claiming proper service has been effected to establish validity of service. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). Here, Coss has filed an Affidavit of Service which indicates an authorized agent was served. Coss asserts if that is not true, the employee misrepresented that she was an authorized agent. Tiffany & Bosco has not submitted any contradictory evidence (e.g., declaration from person served). As summarized by another district court:

> Where the service requirements are not met dismissal of the complaint is not always required. [*Borzeka v. Heckler*, 739 F.2d 444 (9th Cir. 1984).] Failure to comply with service requirements does not require dismissal if (a) the party to be served received actual notice, (b) no prejudice to the defendant resulted from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if the complaint were dismissed. [Citations omitted.]

*Justice v. Lyng*, 716 F. Supp. 1567, 1569–70 (D. Ariz. 1988).

In this case, Tiffany & Bosco has received notice of the suit. Further, Tiffany & Bosco would suffer no prejudice if this matter was not dismissed. *See Santa Rosa Mem'l Hosp. v. Kent*, No. 15-16650, 2017 WL 1488263, at *1 (9th Cir. Apr. 26, 2017) (citations omitted) ("'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" "Plain legal prejudice does not result merely because a dispute remains unresolved, there is a threat of future litigation, the defendant will be inconvenienced by having to defend in another forum, or the plaintiff would gain a

tactical advantage by that dismissal. Our analysis instead "focus[es] on the rights and defenses available to a defendant in future litigation."); *Toy v. Katz*, 192 Ariz. 73, 84, 961 P.2d 1021, 1032 (App. 1997) (consider whether there is prejudice to the substantial rights of defendant). Moreover, Coss argues that the person served misrepresented her position; in other words, there is a justifiable excuse for the failure to properly serve. Additionally, Coss may be severely prejudiced if the claims against Tiffany & Bosco were dismissed based on a technical violation as some of Coss's claims may now be precluded by the statute of limitations. *See e.g.* 15 U.S.C. 1692k (one year statute of limitations).

When service of process is insufficient, the court has broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006); *Montalbano v. Easco Hand Tools, Inc.,* 766 F.2d 737, 740 (2d Cir. 1985). In light of the circumstances of the failure to effectuate sufficient service of process, the Court finds it appropriate to quash service, rather than dismiss the claims against Tiffany & Bosco and Cowles. *Issaquah Sch. Dist.*, 470 F.3d at 1293. The Court will extend the time for completing service for 30 days following the issuance of this Order.

Accordingly, IT IS ORDERED:

1. The Motion to Dismiss (Doc. 18) filed by Nationstar is GRANTED.

2. The Motion to Dismiss (Doc. 22) filed by Caliber is GRANTED.

3. The Motion to Dismiss Party Tiffany & Bosco, P.A. and David Cowles for Insufficient Service of Process (Doc. 36) is DENIED. The improper service of the FAC upon Tiffany & Bosco and Cowles is QUASHED. Coss shall complete proper service of the Amended Complaint upon Nationstar within thirty (30) days of the filing of this Order. In the event Coss does not timely complete proper service, Tiffany & Bosco may again seek to have the matter dismissed.

4. Counts I through V and VII through VIII are DISMISSED WITH PREJUDICE. Count VI is the only remaining pending claim.

5. Defendants Nationstar and Caliber are DISMISSED from this action.

DATED this 8th day of June, 2018.

_____
Cindy K. Jorgenson
United States District Judge