**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Coss,<br><br>    Plaintiff,<br><br>vs.<br><br>Caliber Home Loans, Inc./Fidelity;<br>Nationstar Mortgage, LLC; and Does 1-10,<br><br>    Defendants. | No. CV 16-576-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Motion for Reconsideration (Doc. 52) filed by Plaintiff Anthony Coss ("Coss"). Although a Notice of Appeal has been filed, the Ninth Circuit Court of Appeals has issued an Order holding its proceedings in abeyance pending this Court's resolution of the Motion for Reconsideration.[1] The Court finds it has jurisdiction to review the Motion for Reconsideration.

Although Coss has requested this matter be scheduled for oral argument, the Court declines to set this matter for oral argument. *See* LRCiv 7.2(f); 27A Fed.Proc., L. Ed. § 62:361 (June 2018) ("A district court generally is not required to hold a hearing or oral argument before ruling on a motion.").

---

[1] Coss filed his Motion for Reconsideration within 28 days of this Court's Order. Generally, the filing of a valid notice of appeal divests a district court of jurisdiction to alter, amend or modify the order or judgment challenged in the appeal. *Pope v. Sav. Bank of Puget Sound*, 850 F.2d 1345, 1347 (9th Cir. 1988). However, a district court may clarify its judgment or order. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 654-55 (9th Cir. 1991). Further, a district court retains jurisdiction to dispose of timely motions for reconsideration. *Tripati v. Henman*, 845 F.2d 205, 206 (9th Cir. 1988); *see also* Fed.R.App.P. 4(a)(4)..

The Court has discretion to reconsider and vacate an order granting dismissal. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). A motion for reconsideration is not to be used to ask a court "to rethink what the court had already thought through – rightly or wrongly." *Above the Belt, Inc. v. Mel Bohanan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983) (limiting motions for reconsideration to cases where the court has patently misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court, where the court has made an error not of reasoning but of apprehension, or where there has been a controlling or significant change in the law or facts since the submission of the issue to the court); *see also United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz. 1998).

Indeed, legal errors are corrected on appeal and do not warrant reconsideration. *See e.g. Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir.1982); *see also Title v. United States*, 263 F.2d 28, 31 (9th Cir.1959) ("Rule 60(b) was not intended to provide relief for error on the part of the court or to afford a substitute for appeal."). However, in *McDowell v. Calderon*, 197 F.3d 1253 (9th Cir.1999) (en banc) (per curiam), the Ninth Circuit sitting *en banc* suggested that, not only in the context of Rule 59(e), but also in the context of Rule 60, "a failure to correct clear error" could constitute an abuse of discretion. *Id*. at 1255 n. 4; *see also id*. ("[W]e disapprove [of] any suggestion . . . that a refusal to reconsider is an abuse of discretion merely because the underlying order is erroneous, rather than clearly erroneous.").

Coss asserts the Court has erred because it did not order Coss to serve Tiffany and Bosco and David Cowles. He asserts the Court should correct its error and order Coss to properly serve Defendants Tiffany and Bosco and David Cowles. However, what Coss fails to acknowledge that, pursuant to applicable rules, Coss had a responsibility to timely serve all Defendants whether or not the Court made a specific order. By failing to do so,

dismissal for failure to prosecute a claim is appropriate. Fed.R.Civ.P. 41(b); *see also Hells Canyon Preservation Council v. United States Forest Service*, 403 F.3d 683 (9th Cir. 2005).

As the Court previously stated:

> Coss has not prosecuted this matter (i.e., completed service of all Defendants) within the deadlines set by this Court. Although Coss argues that he did not violate any Court order because the Court order referred to service of Nationstar, Coss does not discuss the Court's directive that, if Coss did not timely complete proper service, Tiffany & Bosco could again seek to have the matter dismissed. As service of Tiffany & Bosco and Cowles has been quashed, Coss has not timely completed proper service. In other words, Coss has failed to timely prosecute this matter and has failed to comply with an order of the Court.

January 9, 2019, Order (Doc. 50, p. 2). Coss has not set forth any basis for the Court to reconsider its decision that Coss failed to prosecute his claims. His disagreement with the Court's ruling is not a basis for reconsideration. Rather, Coss' argument that the Court was in error on this issue should be directed to the appellate court. *Rezzonico*, 32 F.Supp.2d at 1116, *citing Refrigeration Sales Co., Inc. v. Mitchell-Jackson, Inc.*, 605 F.Supp. 6, 7 (N.D.Ill. 1983). Additionally, the Court finds the motion does not reveal any manifest errors of law. *See e.g., All Hawaii Tours Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648-49 (D.Haw. 1987) (rev'd on other grounds, 855 F.2d 860 (1988)) (motion for reconsideration must demonstrate valid reason why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision). Rather, Coss is requesting the Court to rethink what it has thought through – rightly or wrongly.

Accordingly, IT IS ORDERED the Motion for Reconsideration (Doc. 52) is DENIED.

DATED this 3rd day of April, 2019.

_____
Cindy K. Jorgenson
United States District Judge